JAMES ROACH, Appellant, v. JAMES CAMERON.

**Evidence:** MODIFICATION OF LEASE. Evidence that after defendant
1  had leased to plaintiff part of a building to be erected, reserving a
   portion for his own use, and before the completion of the build-
2  ing, expensive changes were made therein, that defendant there-
   after used more of the building than was reserved to him in
   the lease; and that plaintiff kept an account of the space occu-
   pied by defendant, but made no charge therein for such extra
   space, and paid rent without deducting its value, and made no
   claim therefor until after the end of the term,—will support a
   finding that defendant occupied the additional space under oral
   agreement made at the time of the alterations, and in considera-
   tion thereof.

**Practice:** HARMLESS ERROR. Error in allowing a witness to be
3  cross-examined on matters not gone into on direct examination,
   was harmless error where the testimony elicited related to an
   undisputed fact.

*Appeal from Keokuk Superior Court.*—HON. HENRY
BANK, JR., Judge.

WEDNESDAY, FEBRUARY 12, 1896.

ACTION at law on an account, and to recover rent
for the use of portions of a barn. There was a trial
by the court without a jury, and a judgment for the
plaintiff for the amount of his account. From that
judgment he appeals.—*Affirmed.*

*Parsons & Dolan* for appellant.

*James C. Davis* for appellee.

ROBINSON, J.—This appeal involves questions grow-
ing out of the claims of the plaintiff for rent. In Feb-
ruary, 1891, the parties to this action entered into a
written agreement, by which the defendant leased
to the plaintiff a part of a building, which was to be

thereafter erected in the city of Keokuk, for the term of one year from the completion of the building, with the option of extending the term to include three years. The lease gave to the plaintiff the right to use all of the building, except an office twelve by fourteen feet in size, and one-half of the basement. He was to pay a rent of thirty dollars a month, and all gas and water charges. The building was completed, and occupied by the plaintiff for the term of twenty-nine months. During that time the defendant occupied one-half of the upper floor, for which a reasonable rent would have been one hundred and seventy-four dollars. He also used, during a part of the time, a portion of the first floor above the basement, in which he stored three sprinklers, a buggy, a sleigh, and two excursion cars. The reasonable value of the space so used was about ninety-five dollars. The plaintiff seeks to recover for the use of the upper and second floors, the latter being the first above the basement, but was not allowed anything on account of such use.

I. The defendant admits the making of the lease to which we have referred, but claims that after the building was commenced, and before it was completed, the lease was modified by a verbal agreement, under which expensive changes in the building, as originally planned, were made, in consideration of which the defendant was to have the right to occupy the second and third floors of the building in common with the plaintiff, and that the building was used under the second agreement, and that the defendant is not liable for the rent in question. The superior court found that the claim of the defendant was substantially correct. It does not appear that formal plans and specifications were prepared, but there was a rough drawing, and a plan of the building, in all material respects, was well settled

and understood by the parties when the original agreement was made. The first plan provided that the stalls for the horses should be on the first floor, and that the basement should not be inclosed. Under the plan as changed, the basement was inclosed, and stalls made in it for the horses. A runway from it to the floor above was made, for taking horses to and from it, to the basement, and the storage space on the second floor was much increased. Changes were also made in the upper floor, for storage of hay and grain for the horses, and other improvements not contemplated in the original plan, were made. There is much conflict in the evidence, in regard to the effect of these changes upon the liability of the parties under the original lease. The plaintiff contends, in effect that, his rights were not affected by them, and that he retained the right to use all the building not reserved by the original agreement; while the defendant insists that, in consideration of the changes, he was given the right to use the building as he did, without charge, and without deductions from the rent, for which the original lease provided. Each party is corroborated, to some extent, by the testimony of disinterested witnesses, the plaintiff claiming at least one or more witnesses more for his theory, than those who testified for the defendant. The plaintiff kept a record of the use the defendant made of the building, but did not enter in his book any charge for that use. Nor did he make any claims upon the defendant on account of it, until after his lease was terminated, although he paid the rent regularly, as it became due. This fact tends strongly to corroborate the claims of the defendant. The superior court was authorized by the evidence to find that the changes involved considerable expense, and that the agreement to modify the original lease, upon which the defendant relies, was based upon a sufficient consideration. It is clear that there

is not such a lack of evidence in favor of the defendant, upon any material issue in the case, as to authorize us to interfere with the judgment of the superior court. On the contrary, we are well satisfied that substantial justice has been done.

II. The appellant complains of rulings made by the court, which compelled him to answer certain questions, asked on cross-examination. They did not refer to anything concerning which the plaintiff had testified in his direct examination, and were not proper; but they related to matters in the original plan of the building, about which there is no dispute, and no prejudice could have resulted from the rulings which required answers. The judgment of the superior court is AFFIRMED.